Sean R. Kelly (skelly@saiber.com)
**SAIBER LLC**
18 Columbia Turnpike, Suite 200
Florham Park, NJ 07932
Telephone: (973) 622-3333

Of Counsel:
James H. Hulme, Esquire (James.Hulme@arentfox.com)
Richard J. Berman, Esquire (Richard.Berman@arentfox.com)
Taniel E. Anderson, Esquire (Taniel.Anderson@arentfox.com)
Ahmed Abdel-Rahman, Esquire (Ahmed.Abdel-Rahman@arentfox.com)
Alton L. Hare, Esquire (Alton.Hare@arentfox.com)
**ARENT FOX LLP**
1717 K St., N.W.
Washington, DC 20036
Telephone: (202) 857-6000

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SABINSA CORPORATION,** | ) |
| | ) |
| Plaintiff, | ) Civil Action No. |
| | ) |
| v. | ) (Document filed electronically) |
| | ) |
| **OLIVE LIFESCIENCES PVT. LTD.,** | ) Jury trial demanded |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Sabinsa Corporation ("Sabinsa"), by its attorneys, for its Complaint against Olive Lifesciences Pvt. Ltd. ("Olive") alleges as follows:

**THE PARTIES**

1. Plaintiff Sabinsa is a corporation organized and existing under the laws of New Jersey, having a principal place of business at 20 Lake Drive, East Windsor, New Jersey.

2. On information and belief, Defendant Olive is an Indian corporation with its principal place of business at #3, PDS Towers, Sanjeevini Nagar, Sahakar Nagar, Bangalore – 560 092, India.

## JURISDICTION AND VENUE

3. This cause of action for patent infringement arises under the patent laws of the United States, Title 35, United States Code.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this case involves patent infringement, and arises under the laws of the United States, 15 U.S.C. § 1051, *et seq.*

5. This Court has personal jurisdiction over Olive because, among other reasons, (on information and belief) this action arises from activities of Olive directed toward New Jersey.

6. This Court further has personal jurisdiction over Olive because, among other reasons, (on information and belief) Olive has purposefully availed itself of the rights, benefits, and protections of New Jersey law such that it should reasonably anticipate being haled into court in this district.

7. This Court further has personal jurisdiction over Olive because, among other reasons, (on information and belief) Olive has engaged in such systematic and continuous contacts with New Jersey so as to render it essentially at home in this state.

8. This Court further has personal jurisdiction over Olive because, among other reasons, (on information and belief) Olive has availed itself of the privilege of conducting business in New Jersey by regularly and continuously transacting business within the State of New Jersey, including by selling dietary, cosmetic, and nutritional supplements products in New Jersey, either on its own or through its affiliates. On information and belief, Olive derives

substantial revenue from the sale of those products in New Jersey and has availed itself of the privilege of conducting business within the State of New Jersey.

9. This Court further has personal jurisdiction over Olive because, among other reasons, Olive has committed, or aided, abetted, contributed to, and/or participated in the commission of, the tortious act of patent infringement that has led to foreseeable harm and injury to Sabinsa, which is a New Jersey corporation.

10. This Court further has personal jurisdiction over Olive because, among other reasons, it has stipulated and consented to personal jurisdiction in this District in a recent patent infringement case, and by filing an Answer and Counterclaims in this District. *See Sabinsa Corp. v. Olive Lifesciences Pvt. Ltd.*, No. 14-cv-04739 (JBS) (KMW), ECF No. 26 (D.N.J. Feb. 19, 2015).

11. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## BACKGROUND

12. Dr. Muhammed Majeed founded Sabinsa in 1988. Sabinsa is a leading manufacturer and marketer of high-quality herbal extracts and specialty fine chemicals used in nutritional supplements, cosmetics, pharmaceuticals, and food products. Sabinsa's mission is to provide alternative and complementary natural products for human nutrition and well-being. Over the past 28 years, Sabinsa has brought to market more than 100 standardized botanical extracts and privately funded several clinical studies in conjunction with prestigious institutions in support of these products, including for example its Tetrahydrocurcuminoids OG Standardized Extract (oral grade), composed of 95% tetrahydrocurcuminoids.

13. In 1991, Dr. Majeed founded Sami Labs Limited ("Sami Labs") in Bangalore, India to facilitate the increased demand for such products. In addition to facilitating the

increased demand, Sami Labs also operates as a research and development facility. The original purpose of Sami Labs was to facilitate the increased demand for innovative products. Today, the main thrust and focus of Sami Labs is on new product development and market-oriented research. Sami Labs currently has over 500 employees.

14. Shortly after founding Sami Labs, Dr. Majeed hired his nephew, Mr. C.A. Anzar (now the Chairman and Managing Director of Olive), to work for Sami Labs as an office clerk. Mr. Anzar, as a trusted employee at the time, was then promoted to Manager of Special Projects in 1996, and then to Director in 1999 where he was in charge of overseeing the day-to-day operations of Sami Labs. As a Director, Mr. Anzar had access to both Sami Labs' and Sabinsa's highly confidential business records and trade secrets, as well as a familiarity with the intellectual property rights owned by Sami Labs and Sabinsa. Indeed, while he was with Sami Labs, Mr. Anzar was part of Sami Labs' effort to develop and protect various items of intellectual property.

15. Together, Sami Labs and Sabinsa, in the field of herbal supplements and nutraceuticals, are known for their vigorous development and protection of intellectual property. Indeed, Sabinsa holds near 100 U.S. and International Patents on many of its high-quality herbal extracts, cosmeceuticals, minerals, dietary supplements, and specialty fine chemicals.

16. In 2007 Mr. Anzar abruptly left Sami Labs to start Olive, likely taking with him Sabinsa's product and customer lists, as well as other proprietary data. Accordingly, Sabinsa and Olive are fierce direct competitors.

## THE PATENT-IN-SUIT

17. On November 25, 2003, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,653,327, titled "Cross-Regulin Composition of Tumeric-

Derived Tetrahydrocurcuminoids for Skin Lightening and Protection Against UVB Rays" ("the '327 Patent") to Sabinsa as assignee of the inventors Muhammed Majeed and Vladimir Badmaev.  A true and correct copy of the '327 Patent is attached as Exhibit A.

18. Sabinsa is the owner of all rights, title, and interest in the '327 Patent.

19. The '327 Patent covers, among other things, compositions containing tetrahydrocurcuminoids ("THC"), as well as methods and benefits for using such compositions.

## ACTS GIVING RISE TO THIS ACTION

20. On information and belief, Olive manufacturers, exports, imports, offers to sell, and sells, among other things, dietary and nutritional supplements, including infringing THC products, which it regularly exports, imports, and sells to customers located in New Jersey.

21. An infringing THC product is listed on page 10 of Olive's Product Brochure under "Product List" as "Tetrahydrocurcuminoids 95% - Cosmetic grade Organic Turmeric Extract" under Olive's "Turmeric Extract (*curcuma longa extract*)" product offerings.  A true and correct copy of this product brochure is attached as Exhibit B.

22. In addition, Olive also advertises on its website that the "*Curcuma longa* (Turmeric)," extract includes an "Anti-inflammatory" Indication.  A true and correct copy of Olive's Nutraceuticals and Standardized Botanical Extracts webpage demonstrating such indication is attached hereto as Exhibit C.

23. On information and belief, Olive has manufactured, used, exported, imported, sold, and/or offered for sale and continues to manufacture, use, import, sell, and/or offer for sale THC products that directly infringe, induce the infringement, and/or contribute to the infringement of the '327 Patent.

**COUNT I**
**(Direct Infringement of the '327 Patent)**

24. Sabinsa incorporates by reference the factual allegations contained in paragraphs 1 through 23 of this complaint, as though fully set forth in this Count.

25. On information and belief, Olive has directly infringed and continues to directly infringe at least claims 1–7 and 10–12 of the '327 Patent, either literally or under the doctrine of equivalents, by manufacturing, using, exporting, importing, selling, and/or offering for sale products containing THC.

26. On information and belief, Olive directly infringes at least claims 1–7 and 10–12 of the '327 Patent, either literally or under the doctrine of equivalents, by, among other things, manufacturing, using, exporting, importing, selling, and/or offering for sale THC products, such as the infringing THC product identified on page 10 of its brochure (*see* Ex. B at 10) and on its website (*see* Ex. C).

27. On information and belief, Olive has committed these acts of direct infringement with full knowledge of the '327 Patent and Sabinsa's patent rights because, among other reasons, Mr. Anzar, was a Director at Sami Labs at the time the '327 Patent issued. And as discussed *supra* in paragraph 14, as a Director, Mr. Anzar was familiar with the intellectual property rights owned by both Sami Labs and Sabinsa.

28. On information and belief, Olive has further committed these acts of direct infringement with full knowledge of the '327 Patent and Sabinsa's patent rights because, among other reasons, Sabinsa published a paper in 2008 identifying the '327 Patent in connection with use of THC. *See* Ex. D at 7–8 & n.13. A true and correct copy of this paper is attached as Exhibit D.

29. On May 3, 2016, Sabinsa sent a letter to Olive further notifying it of the '327 Patent and its infringing activities. A true and correct copy of that letter is attached as Exhibit E. Sabinsa's letter informed Olive that its "Turmeric Extract product (Tetrahydrocurcuminoids 95% - cosmetic grade) may infringe the '327 Patent." *See* Ex. E at 1. Sabinsa's letter requested documents and information from Olive about its THC products. *Id.* at 1–2.

30. On May 18, 2016, Olive replied to Sabinsa's letter and refused to provide any of the requested information. *See* Ex. F. A true and correct copy of Olive's response is attached as Exhibit F.

31. All of these infringing acts by Olive lack the permission, license, or consent of Sabinsa.

32. All of these infringing acts by Olive have been, and continue to be, willful and deliberate, and Sabinsa believes that such acts will continue in the future unless Olive is enjoined by this Court.

33. By reason of Olive's acts of direct infringement, Olive has been unjustly enriched.

34. By reason of Olive's acts of direct infringement, Sabinsa has suffered and will continue to suffer irreparable harm and damages, including lost sales (and thus profits), market erosion, and diminution of the value of the '327 Patent, in an amount to be determined.

35. As a result of the continuing harm to Sabinsa and the diminution of the value of the '327 Patent, Sabinsa has no adequate remedy at law.

## COUNT II
**(Induced Infringement of the '327 Patent)**

36. Sabinsa incorporates by reference the factual allegations contained in paragraphs 1 through 35 of this complaint, as though fully set forth in this Count.

37. On information and belief, Olive has induced and continues to induce infringement of at least claims 1–7 and 10–12 of the '327 Patent, either literally or under the doctrine of equivalents, by manufacturing, using, exporting, importing, selling, and/or offering for sale products containing THC.

38. On information and belief, Olive intends to cause others to directly infringe the '327 patent, either literally or under the doctrine of equivalents, by supplying its customers with infringing THC products with the knowledge that its customers' actions constitute direct infringement.

39. On information and belief, Olive's customers are directly infringing and continue to directly infringe at least claims 1–7 and 10–12 of the '327 Patent, either literally or under the doctrine of equivalents, by manufacturing, using, importing, selling, and/or offering for sale infringing THC products supplied by Olive, including the infringing THC product identified on page 10 of its brochure and as advertised on its website. *See* Ex. B at 10 & Ex. C.

40. On information and belief, Olive has committed these acts of induced infringement with full knowledge of the '327 Patent and Sabinsa's patent rights because, among other reasons, Mr. Anzar, was a Director at Sami Labs at the time the '327 Patent issued. And as discussed *supra* in paragraph 14, as a Director, Mr. Anzar was familiar with the intellectual property rights owned by both Sami Labs and Sabinsa.

41. On information and belief, Olive has committed these acts of induced infringement with full knowledge of the '327 Patent and Sabinsa's rights because, among other reasons, Sabinsa published a paper in 2008 identifying the '327 Patent in connection with use of THC. *See* Ex. D at 7–8 & n.13.

42. On May 3, 2016, Sabinsa sent a letter to Olive notifying it of the '327 Patent and its infringing activities. A true and correct copy of that letter is attached as Exhibit E. Sabinsa's letter informed Olive that its "Turmeric Extract product (Tetrahydrocurcuminoids 95% - cosmetic grade) may infringe the '327 Patent." *See* Ex. E at 1. Sabinsa's letter requested documents and information from Olive about its THC products. *Id.* at 1–2.

43. On May 18, 2016, Olive replied to Sabinsa's letter and refused to provide any of the requested information. *See* Ex. F.

44. All of these infringing acts by Olive and/or others lacked the permission, license, or consent of Sabinsa.

45. All of these infringing acts by Olive have been, and continue to be, willful and deliberate, and Sabinsa believes that such acts will continue in the future unless Olive is enjoined by this Court.

46. By reason of Olive's acts of induced infringement, Olive has been unjustly enriched.

47. By reason of Olive's acts of induced infringement, Sabinsa has suffered and will continue to suffer irreparable harm and damages, including lost sales (and thus profits), market erosion, and diminution of the value of the '327 Patent, in an amount to be determined.

48. As a result of the continuing harm to Sabinsa and the diminution of the value of the '327 Patent, Sabinsa has no adequate remedy at law.

## COUNT III
**(Contributory Infringement of the '327 Patent)**

49. Sabinsa incorporates by reference the factual allegations contained in paragraphs 1 through 48 of this complaint, as though fully set forth in this Count.

50. On information and belief, Olive has contributed to the infringement and is continuing to contribute to the infringement of at least claims 1–7 and 10–12 of the '327 Patent, either literally or under the doctrine of equivalents, by manufacturing, using, importing, exporting, selling, and/or offering for sale products containing THC.

51. On information and belief, Olive's customers are directly infringing and continue to directly infringe at least claims 1–7 and 10–12 the '327 Patent, either literally or under the doctrine of equivalents, by manufacturing, using, importing, selling, and/or offering for sale products containing THC supplied by Olive, including the infringing THC product identified on page 10 of its brochure. *See* Ex. B at 10.

52. On information and belief, Olive's infringing THC products practice at least claims 1–7 and 10–12 of the '327 Patent. Each of these claims encompasses use of THC as an anti-inflammatory agent. Further, Olive's infringing THC products are a material part of the '327 Patent. In addition, Olive's infringing THC products are known by Olive to be especially made or especially adapted for use in an infringing manner with respect to at least claims 1–7 and 10–12 of the '327 Patent. Finally, Olive's infringing THC products are not a staple article or commodity of commerce suitable for substantial non-infringing use other than practicing at least claims 1–7 and 10–12 of the '327 Patent.

53. On information and belief, Olive has committed these acts of contributory infringement with full knowledge of the '327 Patent and Sabinsa's patent rights because, among other reasons, Mr. Anzar, was a Director at Sami Labs at the time the '327 Patent issued. And as discussed *supra* in paragraph 14, as a Director, Mr. Anzar was familiar with the intellectual property rights owned by both Sami Labs and Sabinsa.

54. On information and belief, Olive has committed these acts of infringement with full knowledge of the '327 Patent and Sabinsa's rights because, among other reasons, Sabinsa published a paper in 2008 identifying the '327 Patent in connection with use of THC. *See* Ex. D at 7–8 & n.13.

55. On May 3, 2016, Sabinsa sent a letter to Olive notifying it of the '327 Patent and its infringing activities. Sabinsa's letter informed Olive that its "Turmeric Extract product (Tetrahydrocurcuminoids 95% - cosmetic grade) may infringe the '327 Patent." *See* Ex. E at 1. Sabinsa's letter requested documents and information from Olive about its THC products. *Id.* at 1-2.

56. On May 18, 2016, Olive replied to Sabinsa's letter by refusing to provide any of the requested information. *See* Ex. F.

57. All of these infringing acts by Olive and/or others lacked the permission, license, or consent of Sabinsa.

58. All of these infringing acts by Olive has been, and continue to be, willful and deliberate, and Sabinsa believes that such acts will continue in the future unless Olive is enjoined by this Court.

59. By reason of Olive's acts of contributory infringement, Olive has been unjustly enriched.

60. By reason of Olive's acts of contributory infringement, Sabinsa has suffered and will continue to suffer irreparable harm and damages, including lost sales (and thus profits), market erosion, and diminution of the value of the '327 Patent, in an amount to be determined.

61. As a result of the continuing harm to Sabinsa and the diminution of the value of the '327 Patent, Sabinsa has no adequate remedy at law.

**RELIEF SOUGHT:**

WHEREFORE, Sabinsa prays for Judgment in its favor and against Olive, and respectfully requests the following relief:

(1) An Order that Olive's infringing THC products, including its Tetrahydrocurcuminoids 95% - Cosmetic Grade Organic Turmeric Extract product, directly infringe, induce the infringement, and/or contribute to the infringement of at least claims 1–7 and 10–12 of the '327 Patent;

(2) An Order preliminarily and/or permanently enjoining Olive, its agents, servants, employees, attorneys, officers, and all others in privity and acting in concert with Olive, from commercially manufacturing, using, offering to sell, or selling its infringing products within the United States or importing or exporting its infringing product within the United States prior to the expiration of the '327 patent;

(3) An order granting an accounting to determine and assess against Olive an award to fully compensate Sabinsa for damages arising out of Olive's infringement of the '327 Patent;

(4) An order granting that this case be deemed exceptional under 35 U.S.C. § 285;

(5) An Order awarding treble damages against Olive by reason of the willful and deliberate nature of its infringement;

(6) An Order awarding Sabinsa its costs, expenses, and reasonable attorney's fees incurred in this action pursuant to 35 U.S.C. § 285; and

(7) An Order awarding Sabinsa any such other, further, different, or additional relief as this Court deems just, equitable, and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Sabinsa demands trial by jury as to all issues so triable in this action.

Dated: June 8, 2016									Respectfully submitted,

                                                      **SAIBER LLC**
                                                     Attorneys for Plaintiff

                                          By:  *s/ Sean R. Kelly*
                                                     Sean Kelly, Esquire
                                                     18 Columbia Turnpike
                                                     Suite 200
                                                     Florham Park, NJ 07932-2266
                                                     (973) 622-3333

Of Counsel:

James H. Hulme, Esquire
Richard J. Berman, Esquire
Taniel E. Anderson, Esquire
Ahmed Abdel-Rahman, Esquire
Alton L. Hare, Esquire
**ARENT FOX LLP**
1717 K St., N.W.
Washington, DC 20036
(202) 857-6000

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Under Local Civil Rule 11.2, the undersigned counsel for Sabinsa Corporation ("Sabinsa") hereby certifies that this matter is the subject of the following actions asserted by Sabinsa: *Sabinsa Corp. v. Aegle Bios Inc.*; *Sabinsa Corp. v. Nachurel Ingredients LLC*; and *Sabinsa Corp. v. Chemill Inc.*, actions which are being filed concurrently in this District.

Dated: June 8, 2016                                             s/ Sean R. Kelly
                                                                               Sean R. Kelly

## LOCAL CIVIL RULE 201.1 CERTIFICATION

Under Local Civil Rule 201.1, the undersigned counsel for Sabinsa hereby certifies that Sabinsa seeks declaratory relief. This action is, therefore, not appropriate for compulsory arbitration.

Dated: June 8, 2016                                             s/ Sean R. Kelly
                                                                               Sean R. Kelly